(61 App. Div. 264.)

### SMITH v. DINNEEN.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

REPLEVIN—INDEFINITE VERDICT.

Defendant refused to give plaintiff possession of a wagon wheel belonging to plaintiff until $1.50 was paid for repairing it. Plaintiff claimed that defendant was to repair it for 75 cents, and brought replevin, and paid 75 cents into court. The jury returned a verdict that plaintiff "pay the defendant 75 cents, and take his wheel." *Held,* that a judgment for plaintiff for the possession of the wheel and for costs must be reversed, since it was impossible to tell from the verdict whether the jury intended to find for plaintiff or defendant.

Smith and Edwards, JJ., dissenting.

Appeal from Montgomery county court.

Action by Adin A. Smith against Timothy Dinneen. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The action is to replevy a wagon wheel, in a justice's court. The plaintiff having left with the defendant the wheel for repairs, a difference arose between them as to the sum which plaintiff was to pay for the same. The plaintiff claimed it was 75 cents. The defendant claimed it was $1.75, but agreed to take $1.50 therefor. Plaintiff refused to give it, and, as he testified, tendered 75 cents and demanded the wheel. Defendant refused to surrender it, claiming a lien thereon for the $1.50. Thereupon the plaintiff brought this action. Upon the trial before the justice and a jury, the questions litigated were: (1) For how much did the defendant agree to repair the wheel? (2) Did plaintiff tender to defendant, at the time he demanded the wheel, the sum of 75 cents? The jury rendered a verdict in the following language: "The jury have decided that Mr. Smith, the plaintiff, pay Mr. Dinneen, the defendant, 75c., and take his wheel." The plaintiff thereupon asked that the justice send the jury back again to agree upon and render "a verdict so as to leave no doubt as to whether it is for the plaintiff or defendant." To this the defendant's counsel objected, and asked that the verdict be entered as rendered. The justice refused the plaintiff's request, and entered such ver-

dict, and rendered judgment thereupon "in favor of the plaintiff for the return of the wheel, and the sum of $13.95, costs of the action, against the defendant." From the judgment so rendered the defendant appealed to the county court, where the same was affirmed, and from that judgment of affirmance this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Frank B. Towman, for appellant.
Edward R. Hall, for respondent.

PARKER, P. J. If the lien of the defendant for repairing the wheel was no more than 75 cents, he was not justified in detaining it until a larger sum was paid or tendered to him. If, however, his lien exceeded that sum, he had the right to so detain it, and this action could not be maintained. It is impossible to tell from the verdict of the jury what their conclusion upon that question was. They may have concluded that the defendant had a lien for $1.50, but, having in mind the fact that 75 cents had already been paid by the plaintiff into court for him, they intended that the plaintiff should pay 75 cents more, as the balance of that lien, or they may have thought that the whole of his lien was 75 cents, and that upon being paid that he should give up the wheel. The requirement that the plaintiff "pay" to the defendant the sum of 75 cents would rather indicate that they had reached the former conclusion, inasmuch as the 75 cents then in court had already been paid to him. Clearly, if such was their intention, the judgment entered by the justice is in direct opposition to the verdict. And, even if they had reached the latter conclusion, the judgment as entered would hardly seem to accord with that idea. Such a verdict would seem to be to the effect that the defendant had a special property in the wheel to the extent of 75 cents, and the judgment, to properly protect his interest, should have been in the form required by the latter paragraph of section 1730 of the Code of Civil Procedure. But the difficulty is that we cannot tell from the verdict what the jury did intend. Did they conclude that the defendant had ever unlawfully detained the wheel? Who did they conclude had the present right to its possession? In short, had the plaintiff the right to maintain the action, or had he not? From the record before us, it is impossible to tell, and hence I am forced to the conclusion that the judgment must be reversed. See Roehm v. Blanchard (Sup.) 9 N. Y. Supp. 396.

Judgment of the county court and of the justice reversed, with costs in all courts. All concur, except SMITH and EDWARDS, JJ., who dissent.